### ZIMMERLING v. HARDING.

(Circuit Court of Appeals, Third Circuit. January 2, 1900.)

No. 34.

INTERNAL REVENUE—TAX ON SUGAR REFINERS—ACT OF 1863.

A firm engaged in the business of boiling molasses to the point of crystallization, producing sugar with a residuum of molasses, were "sugar refiners," within the definition of the amended internal revenue act of March 3, 1863 (12 Stat. c. 74), and subject to the tax thereby imposed on their product.

In Error to the Circuit Court of the United States for the Eastern District of Pennsylvania.

Robert Ralston and David W. Sellers, for plaintiff in error.

James M. Beck, for defendant in error.

Before ACHESON and GRAY, Circuit Judges, and KIRKPAT-RICK, District Judge.

ACHESON, Circuit Judge. John Zimmerling, the plaintiff below and in error, as surviving partner of Feltus, Zimmerling & Co., brought this suit to recover the sum of $21,565.74, with interest, paid as internal revenue taxes by said firm to the defendant's intestate, Jasper Harding, who was United States collector of internal revenue for the First collection district of Pennsylvania, upon tax assessments alleged to have been erroneously made against said firm, as sugar refiners, for the period between March 3, 1863, and March 2, 1867. During that period Feltus, Zimmerling & Co. were engaged in the business of extracting sugar from molasses by boiling it to the point of crystallization, and then passing it into an open vessel, in which it was stirred, and afterwards passing it into iron molds, from which the uncrystallized molasses was drained off; the final products being raw sugar and a residuum of low-grade molasses, of an aggregate value greater than the molasses from which they were produced, and which products the firm sold.

Act March 3, 1863 (12 Stat. 713, 716), amendatory of Act July 1, 1862, inter alia, enacted:

"That section seventy-five be * * * amended * * * by striking out the following words: 'On sugar refined, whether loaf, lump, granulated, or pulverized, two mills per pound; on sugar refined, or made from molasses, sirup of molasses, melado or concentrated melado, two mills per pound,' and inserting in lieu thereof as follows: 'Sugar refiners shall pay one and one-half of one per cent. on the gross amount of the sales of all the products of their manufactories: provided, that every person shall be regarded as a sugar refiner under this act, whose business it is to advance the quality and value of sugar by melting and recrystallization, or by liquoring, claying, or other washing process, or by any other chemical or mechanical means; or who shall advance the quality or value of molasses and concentrated molasses, melado or concentrated melado, by boiling or other process.' "

The case turns upon the construction of this provision of the act of 1863, which was substantially re-enacted by the internal revenue act of June 30, 1864 (13 Stat. 223, 265), and that of July 13, 1866 (14 Stat. 98, 129), and was in force during the period covered by the plaintiff's claim. The question to be determined is whether or not the extracting of sugar from molasses by boiling in the manner above set forth by Feltus, Zimmerling & Co., and the sale by them of the products of their manufactory, namely, the sugar so produced and the residuum of molasses, made them liable for the prescribed tax. Looking at the act of 1863 in its entirety, and having regard to its purpose, we think that one who boiled molasses, and thereby extracted sugar therefrom, leaving a residuum of molasses, which products were, in the aggregate, of an enhanced value over the unboiled molasses, was a "sugar refiner," within the meaning of the act, and liable to the tax thereby imposed. Undoubtedly one who produced sugar from molasses by boiling, as practiced by Feltus, Zimmerling & Co., was taxable for the sugar so made, under the said act of July 1, 1862 (12 Stat. 463). That act imposed a tax of two mills per pound "on sugar, refined, whether loaf, lump, granulated, or pulverized"; and the same tax was imposed "on sugar, re-

fined or made from molasses, sirup of molasses, melado or concentrated melado." All these sugars were rated alike for the purpose of taxation. Moreover, it will be perceived that in connection with the manufacture of sugar from molasses the act of 1862 used the word "refined" as synonymous with the word "made." The language there employed is, "refined or made from molasses." Now, manifestly, it was not intended by the act of 1863 to diminish the subjects of taxation. The purpose was just the reverse. The enacting clause reads, "Sugar refiners shall pay one and one-half of one per cent. on the gross amount of the sales of all the products of their manufactories." Then, to avoid a too limited construction of the phrase "sugar refiners," there was added the proviso giving the legislative definition of the term, and expressly bringing under the operation of the act every person "who shall advance the quality or value of molasses * * * by boiling or other process." The declared purpose, inter alia, was to impose the prescribed tax on "the gross amount of the sales of all the products" of any manufacturer who should "advance the quality or value of molasses" by "boiling or other process." Now, by their practice of boiling molasses to the point of crystallization, and their subsequent manipulation of it, Feltus, Zimmerling & Co. produced sugar and a residuum of salable molasses, and these combined products were more valuable than the molasses before it had received such treatment. It seems to us, then, that Feltus, Zimmerling & Co. came within both the letter and the spirit of the law. Whether or not they were "sugar refiners," within the popular acceptation of the term, is immaterial. The legislative definition is conclusive here. In confirmation of our construction of the act of 1863, we may add that it is conclusively shown by the evidence that it is impossible to advance the quality or value of molasses by boiling unless sugar is thereby extracted from it. This fact presumably was known to the lawmakers. To give any effect whatever to this provision of the act, the process practiced by Feltus, Zimmerling & Co. must be held to be within the act. We think that the judgment of the circuit court was right, and accordingly it is affirmed.